**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DARRELL PARKS,** | : |
| **Plaintiff** | : Civil No. 1:13-cv-1791 |
| v. | : |
| **FRANCIS FASCIANA,** *et al.*, | : **Judge Rambo** |
| **Defendants** | : **Magistrate Judge Schwab** |

## M E M O R A N D U M

Before the court is a report and recommendation filed by the magistrate judge (Doc. 45) in which she recommends that Defendants' motion for summary judgment (Doc. 14) be granted. In her recommendation, the magistrate judge opined that Defendants' motion be granted because Plaintiff Darrell Parks ("Parks") has failed to exhaust his administrative remedies on the cause of action he raises in his federal suit. Because of that failure, the magistrate judge declined to address the other causes of action raised in the complaint. In his objections to the report and recommendation (Doc. 46), Parks agrees that the threshold issue that must be addressed by this court is the exhaustion issue. (Doc. 46, p. 4.)

**I.      Discussion**

The magistrate judge properly cited to the standard for determining entitlement to judgment as a matter of law, as well as the application of the Prison Litigation Reform Act's ("PLRA") exhaustion requirement. She also acknowledged that "it is the prison's requirements, and not the PLRA, that define

the boundaries of proper exhaustion." (Doc. 45 at p. 14 (quoting *Jones v. Bock*, 549 U.S. 199, 211-12 (2007).)

Against these requirements, the magistrate judge examined the following four grievances: Remedy Numbers 690779, 663657, 710530, and 710756.

The magistrate judge found that Remedy Number 690779, while exhausted, did not involve the same failure to provide medical treatment to the same part of the body as alleged in the instant complaint as well as other issues raised in the complaint *sub judice*. (*Id.* at p. 11.)

The remaining grievances were rejected by the prison authorities because of some failure by Parks to comply with the administrative remedies of the prison's grievance system.

## II.     Objections to the Report and Recommendation

In his objections to the report and recommendation, Parks sets forth three reasons why the report and recommendation should be rejected: 1) he did not consent to a magistrate judge presiding over his case; 2) the magistrate judge failed to address his counter motion for summary judgment; and 3) his exhaustion was interfered with by prison officials. (*See generally* Doc. 46.)

### a. Jurisdiction of magistrate judge

This case was assigned to the undersigned judge. Pursuant to 28 U.S.C. § 636(b)(1), the magistrate judge has properly exercised her powers in this type of case. *See also* M.D.L.R. 72.1, 72.2 & 72.3.

### b. Park's motion for summary judgment

Document Number 40 filed by Parks it titled, "Plaintiff's Opposition Motion to Defendants' Motion to Dismiss and/or Summary Judgment, and Counter Claim for Summary Judgment." Document Number 40-2 is titled, "Brief in Support of Plaintiff's Opposition Motion to Defendants' Motion to Dismiss and/or Summary Judgment, and Counter Claim for Summary Judgment." Document Number 40-3 is a declaration by Parks.

The magistrate judge construed these filings as an opposition to Defendants' summary judgment motion. The magistrate judge also notes that the documents in response to Defendants' motion did not comply with Middle District Local Rule 56.1 in that Parks did not respond to the numbered paragraphs of Defendants' statement of material facts. (Doc. 45, p. 9.) The magistrate judge opined that the filings of Parks did not present sufficient material facts in dispute on the issue of exhaustion and found that Defendants' motion should be granted. This court will adopt the magistrate judge's reasoning on this issue.

### c. Prison officials' interference with ability to exhaust

The magistrate judge found that Park's grievances were filed in a procedurally inappropriate fashion, *i.e.*, timeliness, failure to submit suggested edited grievances, and failure to submit rejected grievances to the appropriate administrative level. (Doc. 45, p. 16.)

Park's rebuttal is that the rejections were based on "false reasonings," he would be required to "carry out something of a dubious task" (Doc. 40-2, p. 5), or for frivolous reasons (*Id.* at p. 6). Parks alleges that he made reasonable attempts to utilize the administrate process, but that he was impeded by the prison's "erroneous reasons and/or procedural irregularities" that made the administrative remedy unavailable to him. (*Id.* at p. 8.)

Remedy Number 663657 was rejected because Parks failed to first attempt informal resolution. He was advised as to the proper procedure to follow. He did not comply.

Remedy Number 710530 was rejected because Parks filed a grievance that violated a page limitation and appealed to the wrong institutional level. He was given explicit instructions on the proper procedure.

Remedy Number 710756 was rejected because of failure to file at the proper institutional level. Parks again was advised as to the proper procedure to follow. He did not.

Parks is not a novice when it comes to utilizing the administrative remedy process.  He has filed a total of 355 administrative remedy complaints while in the custody of the Bureau of Prisons and 90 since being confined at USP-Lewisburg.  (Doc. 21-1, p. 11 ¶ 5.)

To assert that the prison administrators interfered with his ability to use the administrative process is ludicrous.

For the foregoing reasons, the report and recommendation will be adopted.

  s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: November 18, 2015